PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    kelsey.helland@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRYANT MILLS,<br><br>    Plaintiff,<br><br>v.<br><br>HARTMANN STUDIOS, et al.,<br><br>    Defendants. | Case No. 3:25-cv-03830-SK<br><br>**THE UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS WITH PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     June 16, 2025<br>Time:    9:30 a.m.<br>Location: via Zoom<br><br>The Honorable Sallie Kim |

MOTION TO DISMISS
CASE NO. 3:25-CV-03830-SK

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................................ii

NOTICE OF MOTION AND MOTION TO DISMISS ....................................................................1

RELIEF REQUESTED..........................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.    INTRODUCTION ....................................................................................................................1

II.    ISSUES TO BE DECIDED ......................................................................................................1

III.    BACKGROUND ......................................................................................................................2

IV.    LEGAL STANDARD ..............................................................................................................3

V.    ARGUMENT ............................................................................................................................4

    A.    The Court Lacks Subject-Matter Jurisdiction For Tort Claims Against The SF Maritime Park Under The FTCA's Limited Waiver Of Sovereign Immunity. ...................4

    B.    The Court Lacks Subject-Matter Jurisdiction For Any Tort Claims Against The United States Because Plaintiff Failed To Exhaust Administrative Remedies. ................................................................................................................................4

        1.    The June 2023 Letter Did Not Exhaust Administrative Remedies. .........................5

        2.    The June 2024 SF-95 Did Not Exhaust Remedies Prior To Suit. ............................6

VI.    CONCLUSION..........................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blackmar v. Guerre*,
  342 U.S. 512 (1952) ................................................................................................................ 4

*Blair v. IRS*,
  304 F.3d 861 (9th Cir. 2002) ................................................................................................ 5, 6

*Cal. ex rel. Younger v. Andrus*,
  608 F.2d 1247 (9th Cir. 1979) ................................................................................................ 3

*Castro v. United States*,
  No. 23-15841, 2024 WL 2892438 (9th Cir. June 10, 2024) .................................................... 5

*Cladianos v. United States*,
  No. 19-cv-02846-JST, 2019 WL 13201735 (N.D. Cal. Nov. 20, 2019) ................................... 7

*Doe v. Kline*,
  No. 3:14-cv-05328-RS, 2015 WL 13426191 (N.D. Cal. May 13, 2015) ................................. 7

*Domantay v. VA*,
  No. 18-cv-03726-SK, 2018 WL 10501631 (N.D. Cal. Dec. 10, 2018) .................................... 4

*Dreier v. United States*,
  106 F.3d 844 (9th Cir. 1997) ................................................................................................... 3

*FDIC v. Craft*,
  157 F.3d 697 (9th Cir. 1998) ................................................................................................... 4

*Foman v. Davis*,
  371 U.S. 178 (1962) ................................................................................................................ 3

*Foster v. VA*,
  No. 3:12-cv-04304-LB, 2013 WL 3299534 (N.D. Cal. June 28, 2013) .................................. 7

*Galvan v. Brock*,
  No. 11-cv-02079, 2012 WL 4863068 (E.D. Cal. Oct. 11, 2012) ............................................. 7

*Gilbert v. DaGrossa*,
  756 F.2d 1455 (9th Cir. 1985) ................................................................................................. 4

*Jerves v. United States*,
  966 F.2d 517 (9th Cir. 1992) ................................................................................................... 5

*Kennedy v. USPS*,
  145 F.3d 1077 (9th Cir. 1998) ................................................................................................. 4

*Kokkonen v. Guardian Life Insurance Co.*,
  511 U.S. 375 (1994) ................................................................................................................ 3

*LaBarge v. County of Mariposa*,
  798 F.2d 364 (9th Cir. 1986) ................................................................................................... 4

*Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*,
    858 F.2d 1376 (9th Cir. 1988) .................................................................................................. 3

*Robinson v. United States*,
    586 F.3d 683 (9th Cir. 2009) ..................................................................................................... 3

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) ................................................................................................... 3

*Savage v. Glendale Union High School*,
    343 F.3d 1036 (9th Cir. 2003) ................................................................................................... 3

*Singh v. USPS*,
    No. 17-cv-02211-VC (DMR), 2017 WL 11471761 (N.D. Cal. Oct. 10, 2017) ................................ 5, 6

*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989) ..................................................................................................... 3

*Tosco Corp. v. Communities for Better Env't*,
    236 F.3d 495 (9th Cir. 2001) ..................................................................................................... 3

*United States v. McNeil*,
    508 U.S. 106 (1993) .......................................................................................................... 5, 6, 7

*Warren v. United States Dep't of Interior Bureau of Land Mgmt.*,
    724 F.2d 776 (9th Cir. 1984) ..................................................................................................... 5

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ................................................................................................... 3

**Statutes**

28 U.S.C. § 1346 ................................................................................................................................ 4
28 U.S.C. § 1442 ................................................................................................................................ 3
28 U.S.C. § 2675 ............................................................................................................................ 5, 6
28 U.S.C. § 2679 ................................................................................................................................ 4

**Rules**

Federal Rule of Civil Procedure 12 ............................................................................................. 1, 2, 3

1 **NOTICE OF MOTION AND MOTION TO DISMISS**

2   PLEASE TAKE NOTICE that on June 16, 2025 at 9:30 a.m., or as soon thereafter as the matter
3 may be heard, via Zoom, before the Honorable Sallie Kim, United States Magistrate Judge, the United
4 States of America, on behalf of Defendant San Francisco Maritime National Historical Park, will and
5 hereby does move this Court for an order dismissing Plaintiff's Complaint (Dkt. No. 1-2) with prejudice
6 for lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.
7 This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1).  This motion is based on this
8 Notice, the following Memorandum of Points and Authorities, the accompanying Declaration of
9 Rebecca Pock, the Court's files and records in this matter, other matters of which the Court takes
10 judicial notice, and any oral argument and additional evidence that may be presented to the Court.

11   Pursuant to Civil Local Rule 7-3(a), any opposition or statement of non-opposition of Plaintiff
12 Bryant Mills must be served and filed not more than fourteen days after the filing of this motion.

13 **RELIEF REQUESTED**

14   The United States seeks an order dismissing Plaintiff's lawsuit without leave to amend for lack
15 of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

16 **MEMORANDUM OF POINTS AND AUTHORITIES**

17 **I.    INTRODUCTION**

18   After injuring himself while drumming for the Cheeseballs during an Independence Day event at
19 San Francisco's Aquatic Park in 2022, Plaintiff sued the San Francisco Maritime National Historical
20 Park (and others) in state court in 2024.  But the park is a federal agency, which cannot be named as a
21 defendant under the Federal Tort Claims Act.  Nor did Plaintiff exhaust his administrative remedies
22 before filing suit.  The Court should therefore dismiss the Complaint without leave to amend.

23 **II.   ISSUES TO BE DECIDED**

24   1.    Whether the Court should dismiss the Complaint with prejudice as to Defendant San
25 Francisco Maritime National Historical Park ("SF Maritime Park") because the limited waiver of
26 sovereign immunity in the Federal Tort Claims Act ("FTCA") extends only to suits against the United
27 States; and

28

MOTION TO DISMISS
CASE NO. 3:25-CV-03830-SK                             1

2.      Whether the Court should dismiss the Complaint as to the United States with prejudice (or, alternatively, deny leave to amend to add the United States as a defendant) because Plaintiff did not exhaust his administrative remedies, as required by the FTCA.

### III.    BACKGROUND[1]

This case concerns injuries Plaintiff allegedly sustained at a July 4, 2022, concert at the Aquatic Park in San Francisco. *See* Dkt. No. 1-2 ("Compl."), ¶¶ Prem.L-1, GN-1. Plaintiff alleges that "Defendant SAN FRANCISCO MARITIME NATIONAL HISTORICAL [PARK] negligently maintained a walkway at Aquatic Park in San Francisco and failed to warn pedestrians regarding the walkway which constituted a tripping hazard." *Id.* ¶ GN-1. "Plaintiff BRYANT MILLS was walking and was injured when he tripped and fell to the ground." *Id.*

Plaintiff, through his counsel, sent a letter to the SF Maritime Park on June 5, 2023, asserting that Plaintiff had been injured while performing as the drummer for a band called the Cheeseballs at the July 4, 2022, concert. *See* Declaration of Rebecca Pock ("Pock. Decl."), ¶ 5 & Ex. A. Plaintiff informed the SF Maritime Park that "[h]e required multiple emergency visits and subsequent followed [*sic*] up visits and consultations with specialists," and that "damages include missing music gigs." *Id.* Ex. A. However, Plaintiff did not request any specific monetary sum to satisfy his claim. *See id.* Nor did Plaintiff submit an SF-95 form at that time. *See* Pock Decl. ¶¶ 7-11.

Plaintiff filed this action in San Francisco Superior Court on June 21, 2024. *See* Compl. Plaintiff named as defendants Hartmann Studios, ITA Group Holdings Inc., and the SF Maritime Park, as well as 100 Doe defendants. *See id.* ¶¶ 1, 5, 6. Plaintiff alleged two causes of action, for premises liability and general negligence. *See id.* pp. 4-5.

Also on June 21, 2024, Plaintiff submitted an SF-95 form to the National Park Service. *See* Pock Decl. ¶ 8 & Ex. B. In that form, Plaintiff requested $57,924.26 in damages related to the July 4, 2022, incident. *See id.* Ex. B. That June 21, 2024, form is the only SF-95 form from Plaintiff in the Department of Interior's records management system. *Id.* ¶ 11.

---

[1] Unless otherwise noted, the following facts are taken from Plaintiff's Complaint in this matter. The United States reserves the right to contest the validity of Plaintiff's factual allegations at the appropriate time.

1  The United States removed this action to this Court on May 2, 2025, under 28 U.S.C. § 1442(a).
*See* Dkt. No. 1.

## IV. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979). Courts will not infer evidence supporting subject matter jurisdiction. *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [the federal court's] limited jurisdiction.").

"When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Federal subject matter jurisdiction must exist at the time the action is commenced. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Where the plaintiff cannot cure a jurisdictional defect by amendment, the court may dismiss the complaint without leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. A factual challenge, on the other hand, allows the court to look beyond the complaint without "presum[ing] the truthfulness of the plaintiff's allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). On a Rule 12(b)(1) motion, the Court can hear evidence outside the pleadings and resolve factual disputes, if necessary, without treating the motion as one for summary judgment. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1997). The party opposing a factual challenge must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

## V. ARGUMENT

### A. The Court Lacks Subject-Matter Jurisdiction For Tort Claims Against The SF Maritime Park Under The FTCA's Limited Waiver Of Sovereign Immunity.

The only federal defendant Plaintiff named in his state-court Complaint was the SF Maritime Park. *See* Compl. ¶¶ 1, 5. But the language of the FTCA makes clear that the statute's limited waiver of sovereign immunity extends only to suits against the United States itself. *See* 28 U.S.C. §§ 1346(b)(1), 2679(a). Courts have therefore consistently recognized that, "[a]lthough [tort] claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." *FDIC v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998); *see also, e.g.*, *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952) ("Congress has not constituted the Commission a body corporate or authorized it to be sued eo nomine").

When a federal agency has improperly been named as a defendant in an FTCA action, the proper course is to dismiss the agency from the litigation for lack of subject-matter jurisdiction. *See, e.g.*, *Kennedy v. USPS*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("Because the United States is the only proper party defendant in an FTCA action, the district court correctly dismissed her complaint as improperly filed against the Postal Service and Runyon."); *Domantay v. VA*, No. 18-cv-03726-SK, 2018 WL 10501631, at *2 (N.D. Cal. Dec. 10, 2018) ("Since the VA cannot be sued under the FTCA, the Court GRANTS the motion to dismiss the claim against the VA.").

The Court should therefore dismiss SF Maritime Park from this action with prejudice.

### B. The Court Lacks Subject-Matter Jurisdiction For Any Tort Claims Against The United States Because Plaintiff Failed To Exhaust Administrative Remedies.

Leave to amend to name the United States as a defendant here would be futile because Plaintiff failed to exhaust his administrative remedies as required by the FTCA.

"[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (citations omitted). The FTCA is a "limited waiver" of the United States' sovereign immunity. *LaBarge v. County of Mariposa*, 798 F.2d 364, 366 (9th Cir. 1986). The FTCA's waiver of sovereign

MOTION TO DISMISS
CASE NO. 3:25-CV-03830-SK                    4

immunity is expressly conditioned on, among other things, the requirement that a plaintiff exhaust administrative remedies prior to instituting legal action. *See* 28 U.S.C. § 2675(a) ("An action *shall not be instituted* upon a claim against the United States for money damages [under the FTCA] unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." (emphasis added)).

A court has no jurisdiction to entertain an FTCA action where a plaintiff fails to meet this requirement, which is "jurisdictional in nature and may not be waived." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (cleaned up); *United States v. McNeil*, 508 U.S. 106, 110-11 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").[2]

Here, neither Plaintiff's June 5, 2023, letter to the SF Maritime Park, nor his June 21, 2024, SF-95, are sufficient to exhaust his administrative remedies. The Court therefore lacks subject-matter jurisdiction, and the case must be dismissed with prejudice.

### 1.     The June 2023 Letter Did Not Exhaust Administrative Remedies.

A claim is deemed presented for purposes of the FTCA when a party files "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Blair v. IRS*, 304 F.3d 861, 864 (9th Cir. 2002) (quoting *Warren v. United States Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)). The requirement of a sum certain is jurisdictional. *See Blair*, 304 F.3d at 865; *see also, e.g.*, *Castro v. United States*, No. 23-15841, 2024 WL 2892438, at *1 (9th Cir. June 10, 2024) ("But it's well-established under our precedent that a claimant must supply a sum certain to satisfy § 2675.").

Thus, plaintiffs who merely notify agencies that they have been injured, but fail to make a specific monetary demand to the agency, have not exhausted their administrative remedies for purposes of filing an FTCA claim against the United States. *See, e.g.*, *Castro*, 2024 WL 2892438, at *1; *Singh v. USPS*, No. 17-cv-02211-VC (DMR), 2017 WL 11471761, at *11 (N.D. Cal. Oct. 10, 2017) ("Singh's

---

[2] Even if the requirements of § 2675 were not strictly "jurisdictional" for purposes of Rule 12(b)(1) (which they are), they are nevertheless clear procedural requirements that would alternatively require dismissal of Plaintiff's claims under Rule 12(b)(6).

Form 95 is plainly insufficient under *Blair*. He did not present a sum certain, nor did he provide documents from which the amount could be derived."), *R&R adopted*, 2017 WL 11472507 (N.D. Cal. Nov. 22, 2017).

Here, Plaintiff's June 2023 letter is "plainly insufficient under *Blair*." *Singh*, 2017 WL 11471761, at *11. In that letter, Plaintiff merely informed the government that he had been injured on government property, and generally described the nature of his alleged damages. *See* Pock Decl. Ex. A. Plaintiff did not include a request for a sum certain in the letter. *See id.* The June 2023 letter was therefore insufficient to exhaust Plaintiff's administrative remedies. *See Blair*, 304 F.3d at 868-69.

### 2. The June 2024 SF-95 Did Not Exhaust Remedies Prior To Suit.

Plaintiff's June 2024 SF-95 did include a sum certain. *See* Pock Decl. Ex. B. However, Plaintiff submitted the SF-95 the very same day he filed his Complaint against the SF Maritime Park in state court. *See id.*; *see also* Compl. Plaintiff's Complaint was therefore premature, because under the FTCA, a Plaintiff must wait at least six months following the presentment of the claim to give the agency the opportunity to investigate and resolve it administratively. *See* 28 U.S.C. § 2675(a).

The text of the FTCA is clear: "An action *shall not be instituted* upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency *and his claim shall have been finally denied by the agency*." *Id.* (emphasis added). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." *Id.*

The Supreme Court has recognized that this "statutory text" "is unambiguous." *McNeil*, 508 U.S. at 111. In *McNeil*, the plaintiff filed an FTCA suit in federal court on March 6, 1989, but only presented his claim to the agency on July 7, 1989. *Id.* at 108. The agency denied the plaintiff's administrative claim two weeks later. *Id.* The Supreme Court nevertheless held that the plaintiff failed to exhaust administrative remedies, and his lawsuit was properly dismissed. *See id.* at 112. "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system." *Id.* "The interest in orderly administration of this body of litigation is best served by adherence to the

straightforward statutory command." *Id.*

Applying *McNeil*, courts routinely dismiss FTCA claims for lack of subject-matter jurisdiction where the administrative claim had not been denied and the plaintiff failed to wait the requisite six months before filing suit. *See, e.g.*, *Cladianos v. United States*, No. 19-cv-02846-JST, 2019 WL 13201735, at *2-3 (N.D. Cal. Nov. 20, 2019) ("[Plaintiff] has not complied with the FTCA's administrative exhaustion requirements. She filed an administrative tort claim regarding the subject matter pleaded in the complaint on February 8, 2019 – six months *after* filing the instant action in state court."); *Doe v. Kline*, No. 3:14-cv-05328-RS, 2015 WL 13426191, at *2 (N.D. Cal. May 13, 2015) (dismissing action where the plaintiff "initiated [the] action in state court in August of 2013," "filed an administrative tort claim under the FTCA" "[a]pproximately three months later," and "[t]he government exercised its right to remove this action to this court in December of 2014").

In short, this jurisdictional defect cannot be cured by amendment; subsequent exhaustion of administrative remedies after the filing of a complaint cannot bestow jurisdiction where it never existed. *McNeil*, 508 U.S. at 112; *see Galvan v. Brock*, No. 11-cv-02079, 2012 WL 4863068, at *5 (E.D. Cal. Oct. 11, 2012) ("Because § 2675(a) requires that an administrative claim be finalized at the time the complaint is filed, this court lacks subject matter jurisdiction over the present action against the United States, which was filed before the administrative exhaustion period had expired. This jurisdictional defect cannot be cured by amendment, and instead Plaintiffs must file a new action.").

Accordingly, the Court should deny Plaintiff any leave to amend his Complaint to add the United States as a defendant. *See, e.g.*, *Foster v. VA*, No. 3:12-cv-04304-LB, 2013 WL 3299534, at *6 (N.D. Cal. June 28, 2013) (reviewing agency declaration establishing that the plaintiff did not exhaust administrative remedies and dismissing FTCA claim with prejudice).[3]

///

---

[3] Denial of leave to amend would not necessarily preclude Plaintiff from filing a new action after he exhausts his administrative remedies. *See, e.g.*, *Cladianos*, 2019 WL 13201735, at *3.

## VI. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant the motion to dismiss Plaintiff's Complaint without leave to amend.

Dated: May 9, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for the United States